IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SWEET STREET DESERTS, INC., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| CHUDLEIGH'S LTD., | : | NO. 12-3363 |
| | : | |
| Defendant. | : | |

**MEMORANDUM RE: DEFENDANT'S MOTION FOR LEAVE
TO FILE ITS AMENDED ANSWER WITH COUNTERCLAIMS**

Baylson, J.                                                                                         September 27, 2013

### I.   INTRODUCTION

Defendant moves to amend its answer to add two new affirmative defenses and to add three new counter-claims. Plaintiff objects.

### II.   FACTUAL BACKGROUND

Both the Plaintiff, Sweet Street Deserts, and the Defendant, Chudleigh's, are baking companies that produce bakery products for retail and restaurants. In July 2010, Plaintiff created an apple turnover product for Applebee's restaurants, and sought to outsource the apple turnover production to other manufacturers. In September 2010, Plaintiff contacted Defendant about manufacturing its apple turnover product, and the parties signed a Mutual Nondisclosure Agreement on September 28, 2010. Defendant provided Plaintiff with samples of the apple turnover product, but Plaintiff decided to produce the turnovers in-house and terminated the business relationship. To establish its baking facility, Plaintiff received quotes from machine manufacturers for equipment specifically designed to produce its apple turnover product in early 2011. Shortly after receiving a quote from Forms and Frys for a dough folding machine, Forms

and Frys refused to manufacture the machine for Plaintiff. Plaintiff alleges this was because Defendant pressured Forms and Frys not to do business with Plaintiff.

On August 15, 2011 Applebee's began selling Plaintiff's apple turnover product. On August 24, 2011 Defendant sent Applebee's a cease and desist letter, asserting the cinnamon apple turnover pastry it sold was "strikingly similar" to Defendant's BLOSSOM design product protected under United States trademark registration. Applebee's terminated its contact with Plaintiff, allegedly because of Defendant's cease and desist letter.

Plaintiff filed a complaint for a declaratory judgment of noninfringement of Defendant's trademark, that the mark is invalid, and for cancellation of the trademark. Plaintiff also claims tortious interference with its contacts with Forms and Frys and Applebee's, unfair or deceptive acts, and breach of the mutual nondisclosure agreement. After this court denied Defendant's motion to dismiss on April 4, 2013 (Sweet St. Deserts, Inc. v. Chudleigh's Ltd., No. 12-3363, 2013 WL 1389760 (E.D. Pa. Apr. 4, 2013)), Defendant filed its Answer and Affirmative defenses, but no counterclaims, on April 19. On July 2, 2013 Defendant moved to amend its answer to add two new affirmative defenses and to add three new counter-claims.

Defendant seeks to add the affirmative defense that Plaintiff's complaint fails to state a claim because the complaint does not include any facts to support the alleged pressure Defendant exerted on Forms and Frys, and because the complaint does not include any allegations of materiality or of intent to support Plaintiff's claim of cancellation on the ground of fraud *ab initio*. The proposed Amended Answer adds counterclaims for trademark infringement, false designation of origin, and unfair competition, which arise out of the same dispute over Plaintiff's apple turnover product.

### III.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 15(a)(2) a party may amend a filing to which an response is required with leave of the court. Fed.R.Civ.P. 15(a)(2) ("The court should freely give leave when justice so requires."). Leave to amend should be granted absent "undue delay, bad faith, dilatory motive, prejudice, and futility." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). An opposing party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of Virgin Islands, Inc., 663 F.2d 419, 426 (3d Cir. 1981).

FRCP 13(a) requires a pleading to "state as a counter claim any claim that . . . the pleader has against an opposing party if that claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(a). "When claims are compulsory under [Rule] 13(a), the argument for allowing amendment is 'especially compelling.'" Perfect Plastics Indus., Inc. v. Cars & Concepts, Inc., 758 F. Supp. 1080, 1082 (W.D. Pa. 1991) (citing Spartan Grain & Mill Co. v. Ayers, 517 F.2d 214, 220 (5th Cir.1975)).

### IV.    THE PARTIES' ARGUMENTS

Plaintiff contends leave to amend is inappropriate because Defendant's counter-claims result in undue delay that would prejudice Plaintiff. Plaintiff further contends Defendant's counter-claims would be futile because they are duplicative and barred by latches.

1.    Plaintiff contends Defendant "has unduly delayed these proceedings with dilatory and unnecessary motion practice" because Defendant failed to ask Plaintiff for consent to amend under FRCP 15(a)(2). Defendant contends two and a half months is not an undue delay.

Defendant further argues that requesting Plaintiff's consent would have been futile, since Plaintiff is now opposing Defendant's motion for leave to amend.

2. Plaintiff asserts it is prejudiced by Defendant's inconsistent stances in the course of this litigation. In support of its motion to dismiss Defendant argued that there was no dispute or controversy between the parties, but now asserts trademark infringement claims against Plaintiff. Plaintiff contends it would be prejudiced because it must file additional briefing and its unsold product and apple inventory could spoil in the delay. Defendant responds that product and inventory spoilage does not prejudice Plaintiff's ability to bring its case.

3. Plaintiff contends amendment would be futile because the amended answer contains the same affirmative defenses in the original answer, some of which were litigated in the motion to dismiss. Defendant contends that even though the court denied its motion to dismiss, it could still prevail on its arguments once the case is more developed.

4. Plaintiff contends amendment would be futile because Defendant's counterclaims are barred by laches. Defendant argues courts typically find trademark infringement claims are barred by laches after six years of the infringement, and less than two years elapsed in this case.

### V. ANALYSIS

1. A two and a half month delay is a relatively short period of time, and not undue delay. Moreover, delay alone is an insufficient reason to deny leave to amend. Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978). Instead, the opposing party must show it is prejudiced by the delay. Id.

2. Plaintiff does not contend that Defendant's delay in seeking leave to amend has prejudiced its ability to prove its claims. Instead, Plaintiff contends the inconsistent legal position has required additional briefing and might cause its perishable products and inventory to

4

spoil.  Plaintiff does not assert that products or inventory must be preserved as evidence, or that leave to amend would unfairly disadvantage its ability to present facts or evidence. Heyl & Patterson Int'l, Inc., 663 F.2d at 426. The Third Circuit has held that merely requiring additional briefing alone is not prejudicial.  Dole v. Arco Chem. Co., 921 F.2d 484, 488 (3d Cir. 1990). Accordingly, Plaintiff has not pointed to any prejudice it would suffer if this Court granted Defendant's motion.

3. Plaintiff only challenges one of Defendant's five proposed new pleadings: Defendant's second affirmative defense that Plaintiff's complaint fails to state a claim because it contains insufficient facts to support tortious interference with Forms and Frys.  Although the motion to dismiss did riaise the question of whether the complaint failed to state a claim, Defendant did not previously raise the insufficiency of facts plead, which is why Defendant moves to amend its Answer.  Accordingly, this question was not previously raised or decided, and is not duplicative.

4. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). When there is no statute of limitations defense, as here, laches may be an affirmative defense that also requires a showing of inexcusable delay and prejudice resulting from the delay. Univ. of Pittsburgh v. Champion Products Inc., 686 F.2d 1040, 1044 (3d Cir. 1982).  Since laches is an affirmative defense, Plaintiff can plead laches in its Answer to Defendant's counterclaims, and it is not a reason to deny leave to amend to add Defendant's counterclaims.[1]

In addition, Defendant contends, correctly, that the proposed counterclaims are compulsory under Rule 13(a) because they arise out of the same transaction or occurrence.

---

[1] Moreover, although the Court is not deciding the issue, it is unlikely Defendant's counterclaims are barred by laches, because two years is not *ipso facto* an inexcusable delay. *Id.* at 1046 (finding a 21-year-old trademark infringement claim was not time-barred); see also Santana Products, Inc. v. Bobrick Washroom Equip., Inc., 401 F.3d 123, 138 (3d Cir. 2005) (applying the UTCPL six-year statute of limitations to determine whether a trademark claim was barred by laches).

Accordingly the interests of justice counsel in favor of granting Defendant's motion for leave to amend.

## VI.    CONCLUSION

This Court will grant Defendant's motion for leave to amend its answer because there is no justification for denying leave to amend. There was no undue delay, and Plaintiff has not pointed to any prejudice it would suffer as a result of granting the motion. Moreover, Defendant's counterclaims are compulsory under Rule 13(a), and are timely.

O:\CIVIL 12\12-3363 sweet street v. chudleigh's\mta_opinion.docx